**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2021[*]
Decided May 7, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

Nos. 20-3055 & 20-3056

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Indiana, |
| | Hammond Division. |
| *v.* | Nos. 2:14-CR-30-TLS-JEM & |
| | 2:12-CR-26-TLS-JEM |
| BEAVER B. RUSSELL, | Theresa L. Springmann, |
| *Defendant-Appellant*. | *Judge*. |

## O R D E R

Beaver Russell, a federal inmate suffering from chronic health conditions, sought compassionate release based on his susceptibility to complications if he contracted COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The district court denied relief, concluding that Russell had not shown that his medical concerns or the sentencing factors under

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

18 U.S.C. § 3553(a) supported early release. Because the court did not abuse its discretion in denying the motion, we affirm.

Russell pleaded guilty in 2014 to bank robbery, 18 U.S.C. § 2113(a), and received a 140-month prison sentence. He is housed at the Federal Correctional Institution Williamsburg in Salter, South Carolina, and has a projected release date in September 2024.

In August 2020, Russell moved for compassionate release in light of the pandemic, his age, 56, and his chronic conditions—type-II diabetes, high blood pressure, high cholesterol, and obesity. He also alluded to his positive conduct in prison, including his participation in self-improvement classes and substance abuse counseling.

The district court denied the motion because Russell had not shown "extraordinary and compelling reasons" for release under § 3582(c)(1)(A)(i). The court found no evidence to suggest that Russell—whose conditions were being monitored and managed with medication—could not care for himself. The court also determined that the § 3553(a) factors weighed against his release. In the court's view, the seriousness of the offense (including his pretense of using a gun during one robbery), the need for deterrence and protection of the public (his ten prior felony convictions did not deter him from robbing three banks in less than five weeks), and the need to promote respect for the law (four years remained on his sentence) outweighed any positive postconviction behavior.

On appeal, Russell contends that his advancing age and favorable record in prison weigh heavily in favor of release. These facts alone, however, do not reflect that the court abused its discretion in denying relief. Section 3582(c)(1)(A) authorizes a court to grant early release only "after considering the factors set forth in section 3553(a)." Here, the court permissibly concluded that any argument for release was outweighed by the § 3553(a) factors—most notably, his commission of serious offenses in a short period of time; his substantial criminal history; and the need for deterrence, public safety, and just punishment based on his recidivist behavior and the remaining time on his sentence. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

Russell, for the first time, proposes new reasons for early release—that the death of his father in 2018 left his stepsister in need of care, and that he contracted COVID-19 two months after the district court denied his motion. But we are limited to reviewing

the evidence presented in the district court and may not consider this new information on appeal. *See United States v. Howell*, 958 F.3d 589, 595 (7th Cir. 2020).

AFFIRMED